The People of the State of New York ex rel. Thomas M. Hart,
Relator, *v.* Thomas J. Brady, Commissioner of Buildings for the
Boroughs of Manhattan and the Bronx, Respondent.

*Removal of a regular clerk in New York city — explanation by him of his absence
from the office — when he is not entitled to give proof in support thereof.*

A regular clerk in the department of buildings in the city of New York obtained
a leave of absence for a week on account of the serious illness of his wife. On
October 12, 1899, the day the leave expired, he started for California with his
wife, because her physician said that course was absolutely necessary to pre-
serve her life. He made no personal application for a further leave of absence
before taking the journey, but alleged that he sent a written request to the
commissioner asking for a leave of absence for four months. November 1,
1899, the commissioner suspended him pending charges. Notice of the sus-
pension was received by him December 20, 1899, but, so far as appeared, he
made no response thereto. Early in February, 1900, he returned to the city of
New York, but did not report for duty or notify the commissioner of his
return. In June, 1900, notice was served upon him of the commissioner's
intention to remove him because of his absence without leave and his failure
to notify the department of his change of residence, and he was given an oppor-
tunity to make an explanation in writing in relation to the matter. He accord-
ingly submitted a written explanation which did not deny the truth of the
charges, but attempted to explain them. The commissioner refused to allow
him to introduce testimony establishing the truth of the facts set out in the
explanation, and removed him.

*Held,* that the relator was not entitled to give any evidence establishing the truth
of his explanation;

That when he had offered his explanation it was for the commissioner to say
whether it was satisfactory, and that the commissioner's conclusion could not
be reviewed by the courts.

Certiorari issued out of the Supreme Court and attested on the
25th day of October, 1900, directed to Thomas J. Brady, commis-
sioner of buildings for the boroughs of Manhattan and the Bronx,
commanding him to certify and return to the clerk of the county
of New York all and singular his proceedings had in relation to
the dismissal of the relator from employment as clerk in the depart-
ment of buildings for the boroughs of Manhattan and the Bronx.

*Julius M. Mayer,* for the relator.

*John D. Quincy,* for the respondent.

RUMSEY, J. :

The relator was in 1899 a regular clerk in the employ of the department of buildings in the city of New York. On the 4th of October, 1899, he obtained a leave of absence for one week on account of the serious illness of his wife. On the twelfth of October, the day the leave expired, instead of reporting for duty, he started for California with his wife because her physician said that it was absolutely necessary to do so to preserve her life. He says that as he had no opportunity to apply for a further leave of absence he sent one Coogan, a friend of his, to the commissioner with a written request to be granted a further leave of absence of four months without pay, to be given him for the purpose of enabling him to attend his wife while she was so seriously ill.

Not having reported on the first of November, he was suspended by the commissioner pending charges, the suspension to take effect as of that date. An effort was made to serve the notice of suspension upon him, but the messenger to whom it was given reported that having gone to his house he was unable to find him because he had gone out of the city and his whereabouts were unknown. The notice was then sent to him in a registered letter addressed to his last known place of residence, but it was returned because he was not found there. This notice was not received by the relator until the 20th of December, 1899. Having received it, he made no response to it so far as appears. He came back to the city in the early part of the month of February, 1900, but did not report for duty, and gave no intimation to the commissioner that he had returned. Nothing was done in his case until the month of June, 1900, when a notice was served upon him by the commissioner to the effect that the commissioner proposed to remove him from his position because of the absence without first obtaining the permission of the commissioner of buildings, and because of his violation of the rules and regulations governing employees in that department in that he had failed to notify the chief clerk of his change of residence as required by rule 22 of the general rules. It was further stated that an opportunity to make an explanation in writing in relation to the matter would be allowed him on the 13th of June, 1900, at three P. M., at the office of the department of buildings.

On that day he submitted an explanation in writing to the com-

missioner, and subsequently and on the twentieth day of June he appeared before the commissioner and asked to introduce testimony to establish the truth of the facts set out in his explanation. That was refused, and the commissioner not being satisfied with his explanation removed him; and for the purpose of reviewing that determination this certiorari was issued.

The relator was entitled before he was removed to an opportunity to make an explanation with respect to the charges which were preferred against him. (Greater New York charter, § 1543; *People ex rel. Veiller* v. *Brady*, 43 App. Div. 60.) This opportunity was given to him. He received notice of the charges against him, and that an explanation in writing might be furnished, and he did furnish such an explanation containing the reasons why he should not be removed. It will be noticed that this explanation did not deny the truth of the charges, but attempted to explain them. The complaint is that the respondent refused to receive evidence tending to establish the truth of the excuses contained in the explanation for the acts with which he was charged, and which undoubtedly he had committed. To that complaint there are two answers.

In the first place, the relator was not entitled to give any evidence whatever to establish the truth of the explanation which he had made. All that he was entitled to have was an opportunity to explain and that was given to him, and when he had offered his explanation, if the charges were material and serious enough to warrant his removal unless they were sufficiently explained, it was for the commissioner to say whether the excuses were satisfactory, and his conclusion cannot be reviewed by any court. (*People ex rel. Keech* v. *Thompson*, 94 N. Y. 451.)

There is nothing in the case of *People ex rel. Mitchel* v. *La Grange* (2 App. Div. 444) to change the rule just mentioned. In that case it was held that the removal was not proper because the charges there alleged were not of any dereliction or neglect of duty or anything which affected in any way the character or fitness of the relator; and it was said that if the explanation given was such as to satisfy a fair-minded man, and if it admitted of no reasonable inference of dereliction or incompetency, it should be given its due effect in acquitting the accused. But it was said that in addition to that the removal might rest upon further facts within the personal

knowledge of the commissioner or upon information received by him from others.

For a man to leave his position in October, 1899, and to remain away without any leave of absence from that time until the following June, and then to appear only in answer to charges, necessarily involves a serious dereliction of duty and calls for a full and satisfactory explanation. Whether it was satisfactory or not, is not to be determined solely by the exigencies of the situation in which this relator found himself with respect to his wife's illness, but from the standpoint of the commissioner also who was bound to consider the requirements of the public service. It is quite likely that such an absence as this man was guilty of was a serious detriment to the department, and while we cannot say that he was not justified to himself in sacrificing everything for his wife's health, yet even that affords no reason why the commissioner should overlook his abandonment of his public duty. So although every word of the explanation may be true, it does not necessarily operate to excuse him of the charge which was made against him. For that reason also there was no error in refusing to hear testimony as to the truth of his excuses, and the determination of the commissioner must be sustained.

The writ should be dismissed and proceedings affirmed, without costs.

VAN BRUNT, P. J., O'BRIEN, MCLAUGHLIN and HATCH, JJ., concurred.

Writ dismissed and proceedings affirmed, without costs.